UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION
Case No. _____

| | |
|---|---|
| JASMINE R. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| SC STATE 1890 RESEARCH & ) | |
| EXTENSION, SOUTH CAROLINA ) | |
| STATE UNIVERSITY , ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |
| _____ ) | |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 ("ADA") and Title I of the Civil Rights Act of 1991 against Defendant, SC State 1890 Research & Extension ("1890").

This is also an action to remedy violations of the Family and Medical Leave Act 29 U.S.C. § 2611(2)(a)(i)(ii) ("FMLA").

Plaintiff seeks to correct 1890's unlawful employment practices on the basis of disability and retaliation; and to obtain appropriate relief, as she was adversely affected by such practices. As stated with greater particularity below, Plaintiff alleges that employees of 1890 engaged in unlawful conduct when it perceived Plaintiff as disabled; and/or failed to accommodate Plaintiff; and discharged Plaintiff because of her actual or perceived disability and in retaliation for her activity protected under the law. After Plaintiff was out of work for FMLA qualifying leave, Defendant

1

violated FMLA by terminating Plaintiff in close proximity of her exercising her right to take FMLA protected leave.

## PARTIES

1. Plaintiff is a female citizen of the United States and a resident of Summerville, South Carolina.

2. Plaintiff is informed and believes that Defendant, SC State 1890 Research and Extension ("1890"), is a public service entity that functions through partnership of federal state and local governments to provide resources to rural and urban limited resource families.

3. Plaintiff is informed and believes that 1890 is a program that operates on the campus of and through Defendant South Carolina State University ("SCSU").

4. SCSU is a public institution of higher learning situated in Orangeburg, South Carolina.

5. 1890 and SCSU together continually conduct business in Orangeburg, South Carolina and has continually employed at least fifteen (15) employees; and therefore Defendants are employers engaged in an industry affecting commerce within the meaning of ADA and FMLA.

6. On information and belief, at all times relevant to the allegations in this complaint, 1890 and SCSU have purchased liability insurance; and 1890 and SCSU were authorized to and did waive any immunity from civil liability under state or federal causes of action by purchasing liability insurance, either by contract with an

insurance company or by participation in an insurance risk pool that covers the claims raised in this lawsuit.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference 42 U.S.C. Section 706(f)(1), (3), 42 U.S.C. §2000e-5(f)(1), (3), and pursuant to Sections 102 and 503 of the Civil Rights Act of 1991, 42 U.S.C. §1981a and 42 U.S.C. § 12203(c).

8. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Orangeburg Division.

9. On September 5, 2024, the Equal Employment Opportunity Commission issued Plaintiff a notice, regarding her charge number 14C - 2023 - 01034, informing her of her right to sue defendant in response to her charge of discrimination on the basis of disability and retaliation.

10. Plaintiff has complied fully with all prerequisites and conditions precedent to the institution of this lawsuit.

## FACTUAL ALLEGATIONS

11. Plaintiff was subjected to discrimination based on actual or perceived disability and a failure to accommodate, as well as FMLA retaliation. As a result, Plaintiff suffered damages as set forth herein.

12. At all relevant times, each of the Defendants have been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2). Defendant is an employer within the meaning of 42 U.S.C. §12111 5(A).

13. Plaintiff was employed with SC State 1890 Research and Extension from November 1, 2020 to September 5, 2023, as an Extension Agent.

14. Plaintiff was performing satisfactorily as there was no significant history of discipline and Plaintiff was not on suspension or a performance improvement plan at the time of termination.

15. Defendant was on notice of Plaintiff's medical condition when she applied for an was approved for FMLA protected leave on or about December 1, 2022 through January 12, 2023; and at that time Plaintiff described to her employer the medical reasons for her need for leave, as her medical conditions affected her ability to work and complete daily life activities.

16. Over the course of her employment, Plaintiff began to experience a hostile work environment which included, but is not limited to, the following incidents:

    A.  Plaintiff was called "a psycho" and "a nut" by co-workers who were aware of her medical condition.

    B.  Plaintiff's complaints of harassing and discriminatory treatment were ignored by upper management.

      C.     Plaintiff began to be admonished for minor or made up offenses and thus was subjected to a heightened level of scrutiny compared to her co-workers without medical conditions.

      D.     Defendant scheduled a meeting on June 16, 2023, regarding Plaintiff's concerns with her treatment at work since her return from medical leave. During that meeting, which was recorded, Plaintiff was ridiculed and admonished regarding her attire, her living conditions, and a requirement to live within her work region or quit.

      E.     Defendant disclosed Plaintiff's medical information among employees which caused Plaintiff further mental distress, issues with high blood pressure and stress.

      F.     Shortly after complaining about the meeting on June 16, 2023, Plaintiff was discharged on September 5, 2023, for following a government order regarding school and work closure rather than continuing to work at Defendant's request in disregard for the order.

17. After exercising her right to medical leave and after complaining of discrimination, retaliation and other violations of statutory law, Defendant discharged Plaintiff for her refusal to disregard an Executive Order in a declared State of Emergency.

18. Similarly situated employees outside of Plaintiff's protected class did not receive this treatment. Plaintiff is unaware of any non disabled employees similarly situated who were ridiculed for their appearance or medical condition, questioned about their living conditions, told to live in the region and then terminated for non legitimate business reasons.

19. On the various dates and occasions, Defendant treated Plaintiff's employment differently than non disabled employees and in an unfair, unequal, and/or harassing way, as explained above, which segregated her and adversely affected her status as an employee, because of her disability, actual or perceived and her protected activity.

20. Defendant was on notice, or should have been on notice, of the actions of its subordinates or employees, and all failed to correct such discriminatory actions of its employees.

21. Defendant's acts of discrimination retaliation within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights and rights under FMLA.

22. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff.

23. As a result of Defendant's discharge, demotion and constructive discharge of Plaintiff for discriminatory and retaliatory reasons, Plaintiff has suffered economic loss, impaired reputation, attorney fees, financial and emotional distress, as well as attorney fees and costs of litigation.

**FIRST CAUSE OF ACTION**
**(ADA and REHABILITATION ACT VIOLATION/ RETALIATION)**

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint.

25. At all times complained of, Plaintiff was an employee of Defendant and suffered a medical condition, that affected her ability to fully care for herself and work during a time of FMLA protected leave.

26. Plaintiff was disabled, Defendant had a record of Plaintiff's disability, and Defendant perceived Plaintiff to be disabled after Plaintiff took FMLA leave and provided a medical reason to Defendant for FMLA leave.

27. Plaintiff was performing satisfactorily as she had no negative performance review or significant history of discipline.

28. Defendant subjected Plaintiff to adverse employment action upon Plaintiff's return to work from medical leave with heightened scrutiny, admonishment, hostile work environment and discharge.

29. Plaintiff attempted to grieve Defendant's discriminatory and retaliatory actions; and Defendant ignored Plaintiff's requests for equal treatment under the law.

30. Plaintiff is unaware of any non disabled employees who were treated in the same manner described above.

31. Defendant engaged in a practice of discrimination and retaliation and discriminated and retaliated against Plaintiff in the terms and conditions of her employment on the basis of her disability and/or the perceived effects of her perceived disabling condition in violation of Americans with Disabilities Acts of 1990, as amended, 42 U.S.C. § 12112(a) et seq. ("AADA").

32. Defendant discharged and/or constructively discharged Plaintiff because of her disabilities, and/or because of the need to provide reasonable accommodation for her

disabilities, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA; 42 U.S.C. §§ 12112(a) and (b)(5) (A) and (B); 42 U.S.C. §12182(a) and (b).

33. Defendant discriminated against Plaintiff by taking adverse employment actions because of her disabilities, and/or because of the need to provide reasonable accommodation for her disabilities, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA. 42 U.S.C. §§ 12112(a) and (b)(5)(B). 42 U.S.C. §12182(a) and (b).

34. Defendant has engaged in unlawful employment practices, in violation of Section 503 of the ADA, 42 U.S.C. § 12203 by retaliating against Plaintiff for exercising her right to medical leave and complaining of harassing treatment based on perceived disability.

35. Title II of the ADA applies to State and local government entities, and, in subtitle A, protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities.

36. As described above, Defendant's actions and practices – refusing to allow Plaintiff to work free of harassment, perceiving Plaintiff as disabled upon a return to work and then subjecting plaintiff to hostility, heightened scrutiny, admonishment and discharge, all violate Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12181 et seq. specifically under 42 U.S.C. §12182(b)(1)(A) and §12182(b)(2)(A).

37. Defendant's adverse employment actions and practices against Plaintiff violate Section 504 of the Rehabilitation Act of 1972 as amended, 29 USC §791, et seq. ("Section 504"). Section 504 of the Rehabilitation Act prohibits discrimination on the

basis of disability in any program or activity that receives Federal financial assistance.

38. As described above, Defendant, a covered entity for purposes of Section 504, discriminated and retaliated against Plaintiff, a qualified individual with a disability, on the basis of disability.

39. Defendant's ADA and Rehabilitation Act violations against Plaintiff caused harm such that each is entitled to damages pursuant to 42 U.S.C. § 1981(a).

40. The effects of the practices complained of have caused Plaintiff to now suffer and will continue to suffer irreparable injury and impairment to reputation, financial and emotional distress, lost wages and incur attorney fees and costs as a result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
### (VIOLATION OF FMLA - INTERFERENCE/RETALIATION)

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 of this Complaint.

42. Defendant employed in excess of 50 employees within 75 miles of the location where Plaintiff worked.

43. At the time of the need for leave, Plaintiff had been employed by Defendant for at least twelve (12) months.

44. Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to the time needed for leave beginning December 12, 2023.

45. Plaintiff was an eligible employee and Defendant was an employer under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. §2611(2)(a)(i)(ii).

46. Plaintiff was entitled to receive leave pursuant to the FMLA and Defendant was not permitted to retaliate against Plaintiff for exercising her rights under the FMLA. FMLA, 29 U.S.C.§2615 provides employees with a cause of action against their employers who interfere, restrain, or deny their rights to FMLA leave or restoration to the same or equivalent position.

47. Defendant was placed on notice of Plaintiff's serious health condition and need for medical leave beginning December 2022 and continuing; and Plaintiff made inquiries to Defendant about and was granted protection regarding FMLA leave.

48. Defendant granted Plaintiff's FMLA request, but made no further inquiries and failed to protect Plaintiff from any harassment unwarranted discipline or discharge upon her return from medical leave, thus allowing Defendant employees to retaliate against Plaintiff for taking FMLA qualifying leave.

49. Defendant's conduct, policies, inquiries, and discipline interfered with Plaintiff's FMLA rights because it interfered with Plaintiff's FMLA rights to take FMLA leave without disciplinary action and right to be protected for any conduct occurring as a result of FMLA triggering events. Defendant therefore engaged in FMLA interference in violation of 29 CFR §825.220.

50. Defendant's conduct, policies, inquiries, and discipline retaliated with Plaintiff's FMLA rights because they retaliated against Plaintiff for exercising her FMLA rights to take FMLA leave without disciplinary action and her FMLA right to be protected for any conduct occurring as a result of FMLA triggering events.

Defendant's retaliatory actions constitute unlawful acts in violation of FMLA, 29 U.S.C. §2615(a)(2) and 29 U.S.C. §2615(b).

51. Plaintiff is now suffering and will continue to suffer irreparable injury and impairment to reputation, financial and emotional distress, lost wages and incur attorney fees and costs as a result of Defendant's FMLA interference practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of ADA, Section 504, FMLA;

B. Enjoining and permanently restraining these violations;

C. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits; and liquidated damages pursuant to the FMLA because Defendant's violations of the FMLA were willful.

E.      Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. § 12205 and 42 U.S.C. § 12117 and for an award of lost wages up and until the time of reinstatement pursuant to S.C. Code § 41-1-80;

F.      Directing Defendant to pay Plaintiff compensatory damages and damages for her emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) in the amount to be determined by a jury;

G.      For other actual and punitive damages that might be determined by a jury; and,

H.      Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By:    s/ Pheobe A. Clark
       **Pheobe A. Clark**
       Federal ID No. 9888
       Post Office Box 13057
       Florence, SC 29504-3057
       Phone: (843) 669-5634

December 4, 2024        Fax:    (843) 669-5150