**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | |
|---|---|
| Jasmine Davis, <br><br> Plaintiffs, <br><br> v. <br><br> South Carolina State University, <br><br> Defendant. | C/A NO.: 5:24-cv-7019-MGL-KDW <br><br><br> **DEFENDANT STEFFANY E. BOYD'S ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES** |

Defendant South Carolina State University, hereinafter "Defendant," by and through its undersigned counsel, submits the following Local Civil Rule 26.03 information:

1.      **A short statement of the facts of the case:**

**RESPONSE:**

Plaintiff was employed by South Carolina State University for almost three years, from November 1, 2020, to September 5, 2023, as an extension agent.

Plaintiff applied for and was approved for FMLA leave from December 1, 2022, through January 12, 2023. Plaintiff alleges this request for leave put the University on notice of a "disability" or a medical condition that affected her ability to work and complete daily life activities.

Plaintiff alleges she began to experience a hostile work environment after her FMLA leave. She claims she was called derogatory names by co-workers and that her complaints about her treatment were ignored by upper management. Plaintiff claims she was then subjected to increased scrutiny for minor offenses. Defendant conducted a meeting on June 16, 2023, at Plaintiff's request, to discuss Plaintiff's concerns about her treatment at work. Plaintiff claims she was

1

admonished at this meeting and was told she needed to live within her work region or quit. Plaintiff also claims Defendant disclosed her medical information among other employees, causing her distress.

Defendant terminated Plaintiff's employment on September 5, 2023. Plaintiff appears to allege that the reason for her termination was pretextual and that she was terminated because she had complained about the June 16, 2023, meeting. Plaintiff claims she was improperly discharged "for her refusal to disregard an Executive Order in a declared State of Emergency." [ECF No. 6, ¶ 15]

Concerning the state of emergency, on August 29, 2023, the Governor issued an executive order concerning Hurricane Idalia. The order authorized and directed state agencies, including universities, to follow county government closure determinations for purposes of closing state government offices in any such counties. On August 29, 2023, the University issued a notice that it would dismiss classes and non-essential employees at noon on August 30, 2023. Plaintiff worked in the Sumter office of 1890 Extension. At 8:27 a.m. on August 30, 2023, Plaintiff emailed her supervisor and told him she would be leaving at noon. Plaintiff's supervisor emailed back 30 minutes later saying that the Sumter office's closure would be based on Sumter County which has a dismissal at 3:30 p.m. After this email, Plaintiff went directly to the President of the University, sending him an email asking if she could get clarification on when she could leave. The President responded to Plaintiff that morning, asking Plaintiff if she had spoken to her direct chain of command. The President did not provide any further response to Plaintiff, but Plaintiff's direct chain of command had already instructed her that dismissal would be at 3:30 p.m. Plaintiff left work that day at noon without communicating with her supervisors. Defendant terminated Plaintiff for taking unauthorized leave, leaving her workstation without authorization, and insubordination.

**2.     The names of fact witness likely to be called by the party and a brief summary of their expected testimony.**

**RESPONSE:**

(a)  Dr. Louis Whitesides. It is expected that Dr. Whitesides would testify regarding his knowledge of the events alleged in the complaint.

(b)  Ronnie A. Rhodes, Regional Director. It is expected that Mr. Rhodes would testify regarding his knowledge of the events alleged in the complaint.

(c) Dr. Edoe Agbodjan, Associate Extension Administrator. It is expected that Dr. Agbodjan would testify regarding his knowledge of the events alleged in the complaint.

(d) Plaintiff. It is expected that Plaintiff will testify concerning her version of the alleged facts concerning liability and damages.

(e)  Ronald York, Human Resources Director. It is expected that Mr. York will testify concerning the Defendant's policies concerning human resources.

(f) Demier Zenobia Richardson Sanders, Senior Extension Director. It is expected this witness will testify concerning her work with Plaintiff and the circumstances of the June 16, 2023, meeting.

(g)  Laura A. Taylor, Administrator Coordinator II. It is expected this witness will testify concerning the circumstances of the June 16, 2023, meeting.

(h)  Jhi Piper-Murles, Human Resources Coordinator. It is expected this witness will testify concerning the circumstances of the June 16, 2023, meeting.

(i)  Defendant reserves the right to supplement this list and to call at trial any witnesses listed by Plaintiff in the discovery of this matter.

**3.     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered.)**

3

**RESPONSE:**

Unknown and unanticipated at this time.

**4.  A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**RESPONSE:**

Plaintiff's first cause of action is for "ADA and Rehabilitation Act Violation/Retaliation." The ADA generally prohibits employers from "discriminating against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To establish a prima facie case of disability discrimination, a plaintiff must show (1) she was disabled, (2) she was discharged, (3) she was fulfilling her employer's legitimate expectations when she was discharged, and (4) the circumstances of the discharge raise a reasonable inference of unlawful discrimination. *Cowgill v. First Data Tech., Inc.*, 41 F.4th 370 (4th Cir. 2022). If this showing is made, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the employer makes this showing, the burden shifts back to the employee to show the employer's explanation was a pretext for discrimination. *Id.* The ADA defines a "disability," in part, as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A).

A retaliatory discharge claim under the ADA has three prima facie elements: (1) that the employee engaged in protected activity; (2) that her employer took an adverse action against her; and, (3) a causal connection exists between the adverse activity and the protected action. *Haulbrook v. Michelin N. America*, 252 F.3d 696 (4th Cir. 2001). This claim does not require a showing of a disability. *See* 42 U.S.C. § 12203(a) ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter

or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.").

Plaintiff's second cause of action is entitled, "Violation of FMLA – Interference/Retaliation." Plaintiff alleges she was entitled to FMLA leave and that Defendant was not permitted to retaliate against her for exercising her rights to FMLA leave. Plaintiff alleges she placed Defendant on notice of her "serious health concern and need for medical leave beginning December 2022 and continuing." According to Plaintiff, Defendant granted her request for leave, "but made no further inquiries and failed to protect Plaintiff from harassment, unwarranted discipline, or discharge upon her return from medical leave." Thus, she claims Defendant allowed employees to retaliate against her for taking FMLA leave.

Interference claims arise under 29 U.S.C. § 2615(a)(1), which states, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." To make out an FMLA interference claim, an employee must demonstrate (1) she is entitled to an FMLA benefit; (2) the employer interfered with the provision of that benefit; and (3) the interference caused the employee harm. *Adkins v. CSX Transp., Inc.*, 70 F.4th 785 (4th Cir. 2023). The FMLA does not provide relief unless the employee has been prejudiced by the violation. *Id.*

The FMLA also contains proscriptive provisions that protect employees from retaliation for exercising their rights under the FMLA. The proscriptive rights arise under 29 U.S.C. § 2615(a)(2) which states "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." *See also Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541 (4th Cir. 2006). To establish a prima facie case for FMLA retaliation, a plaintiff must demonstrate (1) she engaged

5

in protected activity; (2) the employer took an adverse employment action against her; and (3) there was a causal link between the two events.

Defendant anticipates filing a motion for summary judgment. Plaintiff will not be able to present genuine issues of material fact concerning any alleged violations of her rights.

**5.  Absent special instruction from the assigned judge, proposed dates for the following deadlines listed in Local Civ. R. 16.02 (D.S.C.):**

**a.  Exchange of Fed.R.Civ.P. 26(a)(2) expert disclosures.**

**b.  Completion of Discovery.**

**RESPONSE:**

The dates for these deadlines are set out in the Scheduling Order entered by the Court [ECF No. 16].

**6.  Any special circumstances which would affect the time frames applied in preparing the Scheduling Order.**

**RESPONSE:**

Defendant does not foresee any such special circumstances at this time.

**7.  Any additional information requested in Pre-Scheduling Order (Local Civil Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

**RESPONSE:**

None.

*SIGNATURE BLOCK APPEARS ON FOLLOWING PAGE*

Respectfully submitted,

**RILEY POPE & LANEY, LLC**

*s/Peter M. Balthazor*
Peter M. Balthazor, Fed ID No. 9236
Post Office Box 11412
Columbia, South Carolina 29211
Telephone (803) 799-9993
Facsimile (803) 239-1414
peteb@rplfirm.com

Attorneys for Defendant South Carolina State University

Columbia, South Carolina
August 14, 2025